UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK A. BROOKS-ALBRECHTSEN,  ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 1:15-cv-00786-TWP-TAB |
| ) | |
| CITY OF INDIANAPOLIS, MARION COUNTY, ) | |
| POLICE MERIT BOARD, RICHARD HITE, ) | |
| MARK A. BROWN, and KATHLEEN L. DEPEW, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND REQUEST FOR HEARING**

This matter is before the Court on Plaintiff Mark A. Brooks-Albrechtsen's Motion for Default Judgment and Request for Hearing. Plaintiff seeks a default judgment on Count IV of his Complaint. For the following reasons, the Motion is **DENIED**.

Obtaining a default judgment in federal court is a two-step process. *See* Federal Rule of Civil Procedure 55(a)-(b). Step one requires a party to file an application for entry of default by the clerk pursuant to Rule 55(a). If the defendant fails to timely answer or otherwise respond to a Complaint, the plaintiff can request entry of default by the court clerk. *Id.* If the clerk enters a default, then the plaintiff can move to step two, and ask the Court to grant a default judgment pursuant to Rule 55(b)(2). The entry of a clerks default is a necessary prerequisite for the court to grant a default judgment. *See* 10 *Moore's Federal Practice* §55.10[1], at 55-14 (Matthew Bender 3d ed. 2014).

On December 11, 2015 the Magistrate Judge issued an Order granting Defendants an extension of time up to and including January 22, 2016 within which to answer or otherwise respond to Plaintiff's Second Amended Complaint (Docket 50). In response to the Court's Order,

on January 22, 2016, Defendants timely filed a Motion to Dismiss asserting that Plaintiff has failed to state a claim upon which relief can be granted (Docket 52). The timely filing of the Motion to Dismiss satisfies the "or otherwise respond to Plaintiff's Second Amended Complaint" requirement, therefore, Defendants are not in default.

On February 9, 2016, Plaintiff filed the instant motion. However, Plaintiff did not first request and obtain an entry of default, instead he moved the court for a default judgment. The distinction between the two types of Rule 55 motions and the fact that obtaining a default judgment is a two-step process is more than just semantics. *McCarthy v. Fuller*, 2009 WL 3617740 (S.D. Ind. October 29, 2009). Plaintiff's motion for default judgment is thus premature. This procedural defect additionally prevents the court from issuing a default judgment.

For these reasons, Plaintiff is not entitled to a default judgment and his Motion and Request for Hearing (Docket 63) is **DENIED.**

**SO ORDERED.**

Date: 3/30/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

2

DISTRIBUTION:

Mark A. Brooks-Albrechtsen
2230 Stafford Road, Suite 115
Plainfield, Indiana   46168

Lynne Denise Hammer
OFFICE OF CORPORATION COUNSEL
CITY OF INDIANAPOLIS
lynne.hammer@indy.gov

Pamela G. Schneeman
OFFICE OF CORPORATION COUNSEL
CITY OF INDIANAPOLIS
pamela.schneeman@indy.gov

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL
   BEMIS & HASBROOK
ard@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL
   BEMIS & HASBROOK
ejm@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL
   BEMIS & HASBROOK
jfk@rucklaw.com