UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK A. BROOKS-ALBRECHTSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-00786-TWP-TAB |
| ) | |
| CITY OF INDIANAPOLIS, MARION COUNTY, ) | |
| POLICE MERIT BOARD, RICHARD HITE, ) | |
| MARK A. BROWN and KATHLEEN L. DEPEW, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON PENDING MOTIONS**

Before the Court are several pending motions. On November 10, 2015, the Plaintiff, Mark A. Brooks-Albrechtsen ("Brooks") filed a Second Amended Complaint which alleges that he was denied due process and equal protection because Defendants, City of Indianapolis, Marion County, Police Merit Board, Richard Hite, Mark A. Brown, and Kathleen L. Depew (collectively "the Defendants") did not hire him as a police officer. Additionally, for similar reasons, Brooks alleges that the Defendants violated the National Labor Relations Act and an Indiana anti-discrimination statute.

On January 22, 2016, the Defendants filed a Motion to Dismiss all of Brooks' federal claims pursuant to Fed. Rule Civ. Procedure 12(b)(6). (Filing No. 52.) On January 26, 2016, Brooks filed a response in opposition, which he titled a "Motion to Strike and Motion for Leave to File Amended Memorandum". (Filing No. 55.) On April 13, 2016, Brooks filed a Motion to Compel Discovery and Motion for Sanctions, which this Court referred to the Magistrate Judge. (Filing No. 78.) Thereafter, on May 6, 2016, Brooks filed his Objection to Magistrate's Order/Entry, pursuant to Fed. R. Civ. Proc. 72 objecting to the Magistrate Judge's marginal order

denying his request for discovery sanctions.  (Filing No. 87.)  On May 23, 2016, Brooks filed a Motion for Leave to File Third Amended Complaint, asserting that naming additional defendants would aid his discovery efforts.  (Filing No. 91.)   Finally, on June 6, 2016, Brooks filed a Motion to Extend the Parties' CMP Deadline to File an Amend [sic] Complaint.  (Filing No. 95.)

For the reasons stated below, the Court grants the Defendants' motion to dismiss. Additionally, because the Court relinquishes supplemental jurisdiction over Brooks' sole-remaining state law claim, the Court denies as moot Brooks' Rule 72 Objection, Motion to Compel Discovery, Motion for Leave to File Third Amended Complaint and his Motion to extend the case management deadlines.

## I. BACKGROUND

The following facts are taken from Brooks' Second Amended Complaint (Filing No. 45) and must be accepted as true solely for purposes of the Motion to Dismiss.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

On September 16, 2014, Brooks received a "Conditional Offer of Employment" from the Indianapolis Metropolitan Police Department ("IMPD"), after he successfully proceeded through most of the applicant screening process for a patrol officer position.  However, on January 9, 2015, the Civilian Police Merit Board ("Merit Board") met pursuant to the same applicant screening process and decided not to offer Brooks a position with the IMPD.

In the interim, the Defendants learned that Brooks had a prior criminal conviction (sealed); had engaged in litigation against a former employer, Ohio State Chiropractic Board; and had omitted a former employer from his application.  Brooks alleges that the Defendants discovered this information while "Googling" his name on the internet, pursuant to a background check.

Brooks asserts that the background check was improper and that the Merit Board unlawfully used the information against him.

Underlying all of his claims, Brooks characterizes his "conditional" employment as an "implied agreement", given his understanding of the application procedures.  As such, he contends that the Merit Board's decision not to admit him into the 2015 recruit class was an "arbitrary and capricious decision" which the Merit Board "[did] not have discretion" to make.  ([Filing No. 45 at 13-14](#).)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal if the complaint fails to set forth a claim upon which relief can be granted.  "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits."  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  Accordingly, when analyzing a Rule 12(b)(6) motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff, accepts all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff.  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

At a minimum, the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests; and the factual allegations must raise a right to relief above the speculative level.  *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009); *Tamayo*, 526 F.3d at 1081, 1083.  While a complaint need not include detailed factual allegations, a plaintiff has the obligation to provide the factual grounds supporting his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 . . . demands more than

an unadorned, the-defendant-unlawfully-harmed-me accusation" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although this does not require heightened fact pleading of specifics, it does require the complaint to contain enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp.*, 550 U.S. at 570; *Tamayo*, 526 F.3d at 1083 ("[a] plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible rather than merely speculative, that he is entitled to relief").

### III. DISCUSSION

#### A. Preliminary Matter: Improper Party

To begin, the Merit Board is not a proper party because it does not have the capacity to be sued. Under Indiana law, a municipality is authorized to create a merit system for its police department upon request of majority of the department's active members. Ind. Code §§ 36-8-3.5-3; 36-8-3.5-4. In addition, the Merit Board is a division of the City of Indianapolis, created in accordance with Indiana law and the City of Indianapolis' municipal code. *See* Ind. Code § 36-3-1-5.1 (authorizing consolidation of the IMPD and Marion County Sheriff's Department and requiring designation of a merit system). Accordingly, a suit against the Merit Board is analogous to a suit against the IMPD, neither of which are capable of being sued. *See Snyder v. Smith*, 7 F. Supp. 3d 842, 868 (S.D. Ind. 2014) ("[b]ecause a city's police department is merely a vehicle through which the city government fulfills its policy functions, it is not a proper defendant in a civil rights suit under Section 1983"); *Slay v. Marion Cnty. Sheriff's Dep't*, 603 N.E.2d 877, 887 (Ind. Ct. App. 1992). Accordingly, Brooks' claims against the Merit Board are dismissed with prejudice.

#### B. Due Process

In addition, Brooks cannot allege a viable due process claim because he did not have a protected property interest in his prospective employment with the IMPD. In this regard, Brooks argues that he had an implied agreement for employment, as evidenced by his "conditional" offer of employment, the verbal assurances of various IMPD employees, and the IMPD applicant screening process. Based on this understanding, Brooks contends that he was denied his due process rights when the Merit Board decided not to offer him employment with the IMPD.

In order to succeed in an action based upon 42 U.S.C. § 1983, a plaintiff must establish that (1) the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Townsend v. Vallas*, 256 F.3d 661, 669 (7th Cir. 2001). Thus, Brooks' federal due process claims turn upon whether he had a property right to employment with the IMPD.

In the context of prospective employment, the Seventh Circuit has held that, "to create a justifiable and reasonable expectation of employment, and thereby establish a property interest, there must be a mutually explicit understanding between the parties." *Moore v. Muncie Police and Fire Merit Comm'n*, 312 F.3d 322, 326 (7th Cir. 2002) (internal quotation omitted). According to Brooks' own pleadings, the Defendants offered Brooks a "*Conditional* Offer of Employment", contingent upon the successful completion of a number of examinations, a background investigation, and approval by the Merit Board and other similar groups. (*See* Filing No. 45 at 7-9.)

As such, Brooks' claims rest on an implied agreement, which does not rise to the level of a property interest, especially in the context of public employment ("[w]e have previously held that to recognize a 'property' interest for an appointment to a classified position in the realm of

public employment would drastically extend the scope of the due process clause and we refused to make that extension") *Moore*, 312 F.3d at 326-27 (internal quotation omitted). Accordingly, Brooks' due process claims are dismissed with prejudice.

**C.** **Section 1983: State Law Claim**

Brooks also asserts a claim under 42 U.S.C. § 1983, based on an alleged violation of Ind. Code § 35-38-9-10. However, "[s]tate law violations do not form the basis for imposing § 1983 liability". *Windle v. City of Marion, Ind.*, 321 F.3d 658, 662 (7th Cir. 2003). Accordingly, Brooks' Section 1983 claim, which is based entirely on state law, is also dismissed with prejudice.

**D.** **National Labor Relations Act**

Next, Brooks alleges that the Defendants did not employ him because of his "prior labor practices in regard to employment", purportedly in violation of the National Labor Relations Act ("NLRA"). As alleged in the Second Amended Complaint, Brooks sought employment with the IMPD, which is a department within the City of Indianapolis and a political subdivision of the State of Indiana. However, the NLRA excludes from its definition of covered employers "any State or political subdivision thereof". 29 U.S.C. § 152(2). Accordingly, the Defendants are not employers subject to suit under the NLRA. *See, e.g.*, *Strasburger v. Bd. of Educ., Hardin Cnty. Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 359 (7th Cir. 1998) (holding that a defendant school board was not subject to suit under the Labor Management Relations Act because it was not an "employer" as defined by the analogous NLRA). Accordingly, Brooks' National Labor Relations Act claim is also dismissed with prejudice.

**E.     Equal Protection**

Additionally, Brooks' equal protection claim is not plausibly pled and is, therefore, dismissed with prejudice. Brooks asserts that the Defendants discriminated against him "for engaging in past lawsuits as a plaintiff where other applicants were not faced with the same inquiry". In this regard, Brooks alleges a "class of one" equal protection claim. *See, e.g.*, *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (noting that a plaintiff can establish a class of one claim when he "has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment"); *Geinosky v. City of Chi.*, 675 F.3d 743, 747 (7th Cir. 2012) (noting that class of one claims arise when individuals are affected by "purely arbitrary classifications, even when a classification consists of singling out just one person for different treatment for arbitrary and irrational purposes").

First, it is unlikely that Brooks can sustain a class of one claim regarding any public employment decision. *See Engquist v. Oregon Dept. of Argic.*, 553 U.S. 591 (2008) (noting that class of one discrimination claims are barred in cases of discriminatory firing in public employment).

Second, Brooks cannot establish a plausible claim of arbitrary actions by the Defendants with regards to their background investigation. In his Second Amended Complaint, Brooks acknowledges that a background investigation was one of several steps in the IMPD's applicant screening process. (Filing No. 45 at 8.) In addition, Brooks' own pleading notes that his conditional offer of employment was "contingent upon successful completion" of both the background investigation and approval by the Merit Board. *Id*. at 9. Further, Brooks' Second Amended Complaint indicates that the purpose and scope of the background investigation were as follows:

7

> [IMPD] Officers are entrusted with responsibility to keep our cities safe from crime and corruption. Therefore a history of ethical and moral behavior is of the upmost importance. Your background will be looked at very closely. Candidates who have a history of unethical or immoral behavior will not be hired. You will be subjected to an intensive background evaluation, which will include, but is not limited to, the following:
> - Your past behavior and the choices you have made must demonstrate positive traits that will support your candidacy for Police Office and reflect favorably on your character.
> - You must have a history of lawful conduct.
> - You must possess high standards of honesty and integrity as demonstrated by your dealings with individuals and organizations. Falsifying, misrepresenting, or omitting information on any document or during the selection process will be closely scrutinized. . . .

*Id.* at 7.

Assuming a "class of one" equal protection claim may proceed with regards to hiring in public employment, Brooks must allege that the Defendants discriminated against him based on "purely arbitrary classifications". *See Geinsoky*, 675 F.3d at 747. In addition, those allegations of *arbitrary* classifications must be *plausible* on the face of the complaint. *See Bell Atl. Corp.*, 550 U.S. at 570; *Tamayo*, 526 F.3d at 1083.

Although Brooks notes that the background investigation was part of the applicant screening process, he nevertheless contends that the Merit Board improperly considered that he had engaged in litigation against a former employer. However, even assuming that the Merit Board did in fact consider Brooks' past litigation, that action cannot be *plausibly* understood as *arbitrary* when viewed in the context of an "intensive" background investigation for a position of public trust, which expressly indicated that all past behavior, lawful and unlawful, was subject to evaluation. *See Engquist*, 553 U.S. at 591 ("There are some forms of state action, . . . which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases treating like individuals differently is an accepted consequence of the discretion granted to governmental officials. This principle applies most

clearly in the employment context, where decisions are often subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify.")

Accordingly, because Brooks' Equal Protection claim is not plausibly pled, it is also dismissed with prejudice.

**F.     Municipal Liability**

Because all of Brooks' federal discrimination claims are dismissed, Brooks' contingent claim for municipal liability is also dismissed. *See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 305 (7th Cir. 2010) ("a municipality can be held liable under *Monell*, even with its officers are not, unless such a finding would create an inconsistent verdict"); *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007) ("there can be no liability under *Monell* for failure to train when there has been no violation of the plaintiff's constitutional rights").

**G.     Supplemental Jurisdiction**

Further, Brooks' only remaining claim alleges a violation of Ind. Code § 35-38-9-10, which provides injunctive relief for employment decisions that are impermissibly made based on sealed criminal convictions.

The only basis for this Court's jurisdiction over this purely state law claim is federal supplemental jurisdiction under 28 U.S.C. § 1367. However, that statute also explains that "district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction". 28 U.S.C. 1367(c)(3); *Williams Elec. Games, Inc. v. Garrity*, 479 F.3d 904, 906 (7th Cir. 2007) ("subsection (c)(3) expressly authorizes the district judge to dismiss a supplemental claim when the federal claims have dropped out of the case"). Further, the Seventh Circuit has noted that the purpose of supplemental jurisdiction is "economy in litigation" and has instructed that "if the federal claims drop out before trial, the

district court should relinquish jurisdiction over the state-law claims", given that federal judicial resources had not yet been utilized. *Id.* at 906-07 (emphasis omitted); *Hankins v. Dunkle*, No. 1:12-cv-00683-TWP-DML, 2015 WL 500844, at *6 (S.D. Ind. Feb. 4, 2015).

Accordingly, because the Court relinquishes supplemental jurisdiction over the state law claim, the claim is dismissed without prejudice.

### H.     Third Amended Complaint

Finally, the Court concludes that dismissal of Brooks' federal discrimination claims should be with prejudice. In this regard, the Court notes that Brooks has moved to file a third amended complaint, albeit not to correct issues identified in this Entry but to add parties to aid his blocked discovery requests. (*See* Filing No. 91.) Brooks asserts that the deadline to file an amended complaint was May 19, 2016. He has also filed a motion to extend the case management deadlines so that he can file another amended complaint. (Filing No. 95.) Defendants argue that Brooks' motions are untimely and allowing a third amended complaint would be unduly prejudicial as they would have to brief a third motion to dismiss.

Federal Rule of Civil Procedure 15 directs that courts should "freely" grant leave to amend a pleading "when justice so requires". Fed. R. Civ. P. 15(a)(2). Nevertheless, courts are instructed to deny leave to amend "[w]here the problems with a claim are substantive rather than the result of an inadequately or inartfully pleaded complaint [and] an opportunity to replead would be futile". *In re Sanofi Secs. Litig.*, 87 F. Supp. 3d 510, 548-49 (S.D.N.Y. 2015); *Airborne Beepers & Video, Inc. v. A T & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

Given the lack of legal authority to support his federal discrimination claims, the Court concludes that it would prove futile to allow Brooks a third complaint. As such, the Court dismisses his federal discrimination claims with prejudice and denies as moot Brooks' motion for

leave to file a third amended complaint and his motion to extend the case management deadlines so that he can file another amended complaint.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Defendants' Motion to Dismiss (Filing No. 52). Brooks' Motion to Strike and Motion for Leave to File Amended Memorandum in Opposition to Defendants' Motion to Dismiss is **DENIED** (Filing No. 55). All of Brooks' federal claims are **dismissed with prejudice**. The Court relinquishes supplemental jurisdiction over the state law claim for violation of Ind. Code § 35-38-9-10, which provides injunctive relief for employment decisions that are impermissibly made based on sealed criminal convictions. Accordingly, this claim is **dismissed without prejudice**.

Because the Court relinquishes supplemental jurisdiction over Brooks' sole-remaining state law claim, the Court also **DENIES as moot** Brooks' Rule 72 Objection (Filing No. 87), Motion to Compel Discovery (Filing No. 78.), Motion for Leave to File Third Amended Complaint (Filing No. 91), and his Motion to Extend the Parties' CMP Deadline (Filing No. 95). The Court will enter final judgment by separate order.

**SO ORDERED**.

Date: 6/9/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mark A. Brooks-Albrechtsen
2230 Stafford Road, Suite 115
Plainfield, Indiana  46168

Clifford M. Robinson
OFFICE OF CORPORATION COUNSEL
clifford.robinson@indy.gov

Lynne Denise Hammer
OFFICE OF CORPORATION COUNSEL
lynne.hammer@indy.gov

Pamela G. Schneeman
OFFICE OF CORPORATION COUNSEL
pamela.schneeman@indy.gov

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ejm@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com